IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TERRI TRUITT | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | C.A. NO. 1:10-cv-00582-SS |
| | § | |
| UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendant | § | |

## **MOTION TO STRIKE DISCOVERY REQUESTS AND REQUEST FOR PROTECTIVE ORDER**

To the Honorable Judge of Said Court:

Plaintiff Terri Lynn Truitt, pursuant to Federal Rule of Civil Procedure 26(c), files this Motion to Strike Defendant Unum's Life Insurance Company of America's Interrogatories, Request for Production and Request for Admissions as well as its Not ice of Deposition, hereafter collectively "the discovery". Undersigned counsel has conferred with Unum's counsel as required by Rule 26(c). However, the parties are unable to resolve their dispute over the discovery requests. Thus, Truitt would show this Court the following:

### **Introduction**

Truitt's underlying ERISA claim against Unum was filed in this Court on August 3, 2010. The next month, Unum counterclaimed against Truitt. Only the counterclaim remains pending before this Court. Since Unum first filed this counterclaim over four years ago, it has repeatedly and unwaveringly maintained that all aspects of this case are to be tried solely on the voluminous

administrative record in this Court. That record has been complete since August 3, 2010 and was filed in this Court on May 20, 2011. [Doc. 37]

Nonetheless, on October 14, 2014, the day that Truitt filed her motion for summary judgment herein, Unum sent Truitt:

- 142 requests for Admissions,

- 18 interrogatories and

- 13 requests for production.

Thereafter, on October 22, 2014, Unum sent a Notice for Truitt's Deposition.

The discovery requests are directly contrary to the position that Unum has taken from the date this case was filed: that this case is to be decided solely on the extensive administrative record and that no discovery is permissible .

Indeed, on August 4, 2011, Unum filed in this Court a Motion to Strike Truitt's Affidavit for that very reason. [Doc. 60, ] Specifically, Unum argued:

> "Suit was filed on August 3, 2010. Under applicable Fifth Circuit case law, the Administrative Record could not be expanded at that point." [Doc 60]

> "In this case the parties, as well as this Honorable Court, signed an Agreed Scheduling Order on December 6, 2010. That Order contains the following stipulation:

>> 'The parties do not anticipate that any discovery will be required in this case and that it will be tried on the Administrative Record. Should either party determine that they believe discovery would be appropriate, required and permissible under ERISA and the parties cannot reach an agreement, they will resolve any dispute in time for discovery to be completed by February 15, 2011.'

> "Shortly afterward, on April 28, 2011, the parties again entered an Agreed Modified Scheduling Order which contained the following stipulation:

> 'The parties do not anticipate that any discovery will be required in this case and that plaintiff's claim and defendant's counterclaim will be tried on the Administrative Record.'

Moreover, in this Agreed Modified Scheduling Order, the parties jointly filed a copy of the stipulated Administrative Record into the Court record on May 20, 2011. Since it was explicitly agreed that this case would be tried on this administrative record, and plaintiff's affidavit is not part of that record, it should be stricken." [Doc. 60]

This Court granted Unum's motion in part. [Doc. 63] Thereafter, all aspects of this case proceeded solely on the administrative record. [Doc. 75] Thus, in accordance with the principles of judicial estoppel, Unum should not now be permitted to reverse its position and obtain additional discovery outside the administrative record.

Accordingly, Truitt now asks that this Court strike Unum's discovery requests and issue a protective order prohibiting Unum from seeking further discovery in contravention of Unum's own contentions throughout this case.

A. **The discovery requests are improper as this Court's review is limited to the administrative record.**

Throughout this case, Unum has insisted that no discovery was necessary or appropriate, and that all matters were to be tried to this Court on the Administrative Record. Unum now seeks to reverse course and seek discovery from Truitt more than three (3) years after this Court's deadline. By doing so, Unum seeks to rewrite the rules and to ignore the express dictates of the Fifth Circuit directly applicable to this case.

As the Fifth Circuit explained in *Vega v. National Live Ins. Services Co.*, 188 F.3d 287, 299 (5th Cir. 1999)(*en banc*):

> Our case law also makes clear that the plan administrator has the obligation to

identify the evidence in the administrative record and that the claimant may then contest whether the record is complete... **Once the administrative record has been determined, the district court may not stray from it except for certain limited exceptions... [T]he district court is precluded from receiving evidence to resolve disputed material facts–i.e., a fact the administrator relied on to resolve the merits of the claim itself.**

Our motivating concern here is that our procedural rules encourage the parties to resolve their dispute at the administrator's level. If a claimant believes that the district court is a better forum to present his evidence and we permit the claimant to do so, the administrator's review of claims will be circumvented.

**We will not permit the district court or our own panels to consider evidence to resolve factual disputes with respect to the merits of the claim when that evidence was not in the administrative record.**

*Vega*, 188 F.3d at 299-300.

In *Vega*, the Fifth Circuit recognized only two exceptions whereby evidence outside the administrative record could be considered by the court: (1) in interpreting the plan or (2) in explaining medical terms and procedures to assist the court in understanding medical terminology or practice relating to the claim. *Vega,* 188 F.3d at 299. Neither exception is applicable in this case, and thus this Court should grant Truitt's motion in its entirety.

**B.      The doctrine of judicial estoppel precludes Unum from seeking discovery now.**

Unum has previously taken the position in this case that this matter was to be tried *only* on the administrative record. It is therefore estopped from taking a position directly contrary to its prior position in this case by now seeking discovery. The federal common law doctrine of judicial estoppel "prevents a party from asserting a position in a legal proceeding that is contrary to a position [it has] previously taken in the same or some earlier proceeding." *United States v. Renda,* 709 F.3d 472, at 486-87 (5th Cir. 2013), citing *Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 398 (5th Cir. 2003). This is exactly what Unum is attempting to do here.

In assessing whether judicial estoppel applies, courts look to see whether the following

elements are present:

> (1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position;
>
> (2) a court accepted the prior position; and
>
> (3) the party did not act inadvertently.

*Reed v. City of Arlington*, 650 F.3d 571, – (5th Cir. 2011)(en banc). As further guidance on the application of these elements to a particular case, the Fifth Circuit has explained:

> The purpose of the prior success or "judicial acceptance" requirement is to "minimize the danger of a party contradicting a court's determination based on the party's prior position and, thus, mitigate the corresponding threat to judicial integrity." *Coastal Plains*, 179 F.3d at 206. The court's acceptance of a party's argument could be "either as a preliminary matter or as part of a final disposition." *Id.* "The 'judicial acceptance' requirement does not mean that the party against whom the judicial estoppel doctrine is to be invoked must have prevailed on the merits." *Id.*

The Fifth Circuit has held that the doctrine of judicial estoppel may be applied whenever a party makes an argument "with the explicit intent to induce the district court's reliance." *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1047 (5th Cir. 1998); *see also Ahrens v. Perot Systems Corp.*, 205 F.3d 831, 836 (5th Cir. 2000)(explaining that when a court "necessarily accepted, and relied on" a party's position in making a determination, prior success requirement is satisfied).

As noted above, Unum filed a motion to strike Truitt's evidence outside the administrative record. Unum sought and obtained relief on this motion from both this Court and the court of appeals. The principle of judicial estoppel should prevent Unum from reversing its position and seeking discovery at this late date.

Unum's discovery in this case runs afoul of the dictates of the Fifth Circuit as expressed in *Vega*. Moreover, Unum's discovery requests are directly contrary to the position that it has asserted in this case for over four years. Thus, Unum is judicially estopped from now seeking discovery.

**Conclusion**

Truitt respectfully prays that this Court grant this motion, strike the interrogatories, requests for production, requests for admission and notice for deposition propounded by Unum and enter a protective order preventing any further discovery requests by Unum, and for such other and further relief to which Truitt should be entitled.

Respectfully submitted,

s/ Rickey J. Brantley
RICKEY J. BRANTLEY
State Bar No 02899730
Rickey@rickeybrantley.com
Rickey J. Brantley, Atty at Law, PC
855 Texas Street #100
Fort Worth, TX 76102
817-882-8220 phone
817-882-8209 fax

## CERTIFICATE OF CONFERENCE

I, Rickey J. Brantley, attorney for Terri Truitt, conferred with Lauren Welch, Attorney for Unum on October 27, 2014. Ms. Welch advised that she has no position related to the motion.

Signed this 27 day of October, 2014.

                                            s/ Rickey J. Brantley
                                            Rickey J. Brantley

## CERTIFICATE OF SERVICE

By my signature above, I, Rickey J. Brantley, do hereby certify that on Oct 27, 2014, a true and correct copy of the foregoing pleading was electronically filed with the clerk of the U.S. District Court, Western District of Texas, using the electronic case filing system of the Court and the electronic case filing system sent a "Notice of Electronic Filing" to Lauren Welch, McCranie, Sistrunk, Anzelmo, Hardy, McDaniel & Welch LLC, 3445 North Causeway Boulevard, Suite 800, Metairie, Louisiana 70002.

                                            s/ Rickey J. Brantley
                                            Rickey J. Brantley